## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :
MARIA PEREZ                  :    Civ. No. 3:15CV01841(SALM)
                             :
v.                           :
                             :
NANCY A. BERRYHILL,          :    February 20, 2018
ACTING COMMISSIONER,         :
SOCIAL SECURITY ADMINISTRATION:
                             :
-----------------------------x
```

<u>**RULING ON CROSS MOTIONS**</u>

Plaintiff Maria Perez ("plaintiff"), brings this appeal under §205(g) of the Social Security Act (the "Act"), as amended, 42 U.S.C. §405(g), seeking review of a final decision by the Commissioner of the Social Security Administration (the "Commissioner" or "defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Act. Plaintiff has moved for an order reversing the decision of the Commissioner. [Doc. #27].

For the reasons set forth below, plaintiff's Second Motion for Order Reversing the Decision of the Commissioner **[Doc. #27]** is **GRANTED,** to the extent plaintiff seeks a remand for further administrative proceedings. Defendant's Motion for an Order Affirming the Decision of the Commissioner **[Doc. #29]** is **DENIED.**

## I.  PROCEDURAL HISTORY

Plaintiff filed concurrent applications for DIB and SSI on June 17, 2013, alleging disability beginning on June 6, 2012. See Certified Transcript of the Administrative Record, Doc. #28, compiled on December 23, 2016, (hereinafter "Tr."[1]) 253-68.[2] Plaintiff's applications were denied initially on October 16, 2013, see Tr. 164-73, and upon reconsideration on November 14, 2013. See Tr. 174-77, 179-82.

On April 23, 2015, plaintiff, represented by Attorney Veronica Halpine, appeared and testified at a hearing before Administrative Law Judge ("ALJ") Alexander Borré. See Tr. 32-80; see also Tr. 212. Vocational Expert ("VE") Jeffrey Joy also testified at the hearing by telephone. See Tr. 70-78; see also Tr. 245-46. On June 15, 2015, the ALJ issued an unfavorable decision. See Tr. 10-31. On December 4, 2015, the Appeals

---

[1] On December 7, 2016, defendant filed a supplemental certified transcript compiled on November 23, 2016, which contains pages bearing Bates numbers 947 to 1001. See Doc. #24. For purposes of continuity, this supplemental transcript will also hereinafter be referred to as "Tr."

[2] Plaintiff previously applied for SSI and DIB on August 31, 2010, and November 29, 2011, respectively. See Tr. 84. These applications were denied by ALJ William Dolan on June 5, 2012. See Tr. 81-98. On June 4, 2013, the Appeals Council denied plaintiff's request for review of ALJ Dolan's June 5, 2012, decision. See Tr. 99-103. The record does not reflect any appeal of that decision.

Council denied plaintiff's request for review, thereby making the ALJ's June 15, 2015, decision the final decision of the Commissioner. <u>See</u> Tr. 1-6. The case is now ripe for review under 42 U.S.C. §405(g).

Plaintiff timely filed this action for review and now moves to reverse the Commissioner's decision. [Doc. #27]. On appeal, plaintiff argues:

1. The ALJ erred by failing to consider two State of Connecticut Department of Social Services ("DSS") disability determinations and two treating source opinions;

2. The ALJ erred by basing his decision on the opinions of state medical and psychological consultants who did not have the benefit of plaintiff's treatment records;

3. The ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence;

4. The ALJ erred at step two of the sequential evaluation by failing to find certain of plaintiff's impairments severe;

5. The ALJ's step four determination is not supported by substantial evidence;

6. The ALJ failed to develop the record because he did not provide a Spanish interpreter at the administrative hearing;

7. The ALJ erred in his credibility analysis of plaintiff; and

8. The ALJ failed to provide plaintiff with in-person testimony by a VE at the administrative hearing and failed to provide notice of the VE who would appear at that hearing.

See generally Doc. #27-1 at 12-39. As set forth below, the Court finds that ALJ Borré erred by failing to consider certain evidence.

## II.  **STANDARD OF REVIEW**

The review of a Social Security disability determination involves two levels of inquiry. First, the Court must decide whether the Commissioner applied the correct legal principles in making the determination. Second, the Court must decide whether the determination is supported by substantial evidence. See Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998) (citation omitted). Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion; it is more than a "mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The reviewing court's responsibility is to ensure that a claim has been fairly evaluated by the ALJ. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983) (citation omitted).

The Court does not reach the second stage of review –
evaluating whether substantial evidence supports the ALJ's
conclusion – if the Court determines that the ALJ failed to
apply the law correctly. See Norman v. Astrue, 912 F. Supp. 2d
33, 70 (S.D.N.Y. 2012) ("The Court first reviews the
Commissioner's decision for compliance with the correct legal
standards; only then does it determine whether the
Commissioner's conclusions were supported by substantial
evidence." (citing Tejada v. Apfel, 167 F.3d 770, 773-74 (2d
Cir. 1999))). "Where there is a reasonable basis for doubt
whether the ALJ applied correct legal principles, application of
the substantial evidence standard to uphold a finding of no
disability creates an unacceptable risk that a claimant will be
deprived of the right to have her disability determination made
according to the correct legal principles." Johnson v. Bowen,
817 F.2d 983, 986 (2d Cir. 1987).

"[T]he crucial factors in any determination must be set
forth with sufficient specificity to enable [a reviewing court]
to decide whether the determination is supported by substantial
evidence." Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984)
(alterations added) (citing Treadwell v. Schweiker, 698 F.2d
137, 142 (2d Cir. 1983)). The ALJ is free to accept or reject
the testimony of any witness, but a "finding that the witness is

not credible must nevertheless be set forth with sufficient specificity to permit intelligible plenary review of the record." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 260-61 (2d Cir. 1988) (citing Carroll v. Sec. Health and Human Servs., 705 F.2d 638, 643 (2d Cir. 1983)). "Moreover, when a finding is potentially dispositive on the issue of disability, there must be enough discussion to enable a reviewing court to determine whether substantial evidence exists to support that finding." Johnston v. Colvin, No. 3:13CV00073(JCH), 2014 WL 1304715, at *6 (D. Conn. Mar. 31, 2014) (citing Peoples v. Shalala, No. 92CV4113, 1994 WL 621922, at *4 (N.D. Ill. Nov. 4, 1994)).

It is important to note that in reviewing the ALJ's decision, this Court's role is not to start from scratch. "In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012) (quoting Lamay v. Comm'r of Soc. Sec., 562 F.3d 503, 507 (2d Cir. 2009)).

## III. **SSA LEGAL STANDARD**

Under the Social Security Act, every individual who is under a disability is entitled to disability insurance benefits. 42 U.S.C. §423(a)(1).

To be considered disabled under the Act and therefore entitled to benefits, plaintiff must demonstrate that she is unable to work after a date specified "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). Such impairment or impairments must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §423(d)(2)(A); 20 C.F.R. §§404.1520(c), 416.920(c) (requiring that the impairment "significantly limit[] ... physical or mental ability to do basic work activities" to be considered "severe" (alterations added)).[3]

---

[3] Some of the Regulations cited in this decision were amended, effective March 27, 2017. Throughout this decision, and unless otherwise specifically noted, the Court applies and references the versions of those Regulations that were in effect at the time of the ALJ's decision. See Lowry v. Astrue, 474 F. App'x 801, 805 n.2 (2d Cir. 2012) (applying and referencing version of regulation in effect when ALJ adjudicated plaintiff's claim);

There is a familiar five-step analysis used to determine if a person is disabled. See 20 C.F.R. §§404.1520, 416.920. In the Second Circuit, the test is described as follows:

> First, the Secretary considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Secretary next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Secretary will consider him disabled without considering vocational factors such as age, education, and work experience; the Secretary presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam). If and only if the claimant does not have a listed impairment, the Commissioner engages in the fourth and fifth steps:

> Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Secretary then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of

see also Alvarez v. Comm'r of Soc. Sec., No. 14CV3542(MKB), 2015 WL 5657389, at *11 n.26 (E.D.N.Y. Sept. 23, 2015) ("[T]he Court considers the ALJ's decision in light of the regulation in effect at the time of the decision." (citing Lowry, 474 F. App'x at 805 n.2)).

proof as to the first four steps, while the Secretary
must prove the final one.

Id.

"Through the fourth step, the claimant carries the burdens
of production and persuasion, but if the analysis proceeds to
the fifth step, there is a limited shift in the burden of proof
and the Commissioner is obligated to demonstrate that jobs exist
in the national or local economies that the claimant can perform
given [her] residual functional capacity." Gonzalez ex rel.
Guzman v. Dep't of Health and Human Serv., 360 F. App'x 240, 243
(2d Cir. 2010) (alteration added) (citing 68 Fed. Reg. 51155
(Aug. 26, 2003)); Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir.
2009) (per curiam)). The RFC is what a person is still capable
of doing despite limitations resulting from his physical and
mental impairments. See 20 C.F.R. §§404.1545(a)(1),
416.945(a)(1).

"In assessing disability, factors to be considered are (1)
the objective medical facts; (2) diagnoses or medical opinions
based on such facts; (3) subjective evidence of pain or
disability testified to by the claimant or others; and (4) the
claimant's educational background, age, and work experience."
Bastien v. Califano, 572 F.2d 908, 912 (2d Cir. 1978).
"[E]ligibility for benefits is to be determined in light of the
fact that 'the Social Security Act is a remedial statute to be

broadly construed and liberally applied.'" Id. (quoting Haberman
v. Finch, 418 F.2d 664, 667 (2d Cir. 1969)).

## IV.  **THE ALJ'S DECISION**

Following the above-described five-step evaluation process,
the ALJ concluded that plaintiff was not disabled under the Act.
See Tr. 26. At step one, the ALJ found that plaintiff had not
engaged in substantial gainful activity since June 6, 2012, the
alleged onset date. See Tr. 16. At step two, the ALJ found that
plaintiff had the severe impairments of: left thumb and hand
impairment; diabetes; obesity; affective disorder; and anxiety
disorder. See Tr. 17. The ALJ determined that plaintiff's
"additional medically determinable impairments[,]" including
cardiac issues, dental impairments, and back, knee and ankle
impairments, are non-severe. Id.

At step three, the ALJ found that plaintiff's impairments,
either alone or in combination, did not meet or medically equal
the severity of any of the listed impairments in 20 C.F.R. Pt.
404, Subpt. P, App. 1. See Tr. 18-19. The ALJ specifically
considered Listings 1.02 (major dysfunction of a joint), 9.00
(endocrine disorders), 12.04 (affective disorders), and 12.06
(anxiety-related disorders). See id. Before moving on to step
four, the ALJ found plaintiff had the RFC

> to perform light work as defined in 20 CFR 404.1567(b)
> and 416.967(b) except she can frequently finger and

handle with the left non-dominant hand, and frequently reach with the left non-dominant extremity. She must avoid hazards and concentrated exposure to temperature extremes, dust, gases, and fumes. She is limited to performing simple and repetitive tasks.

Tr. 20. At step four, the ALJ concluded that plaintiff was capable of performing past relevant work. See Tr. 25.

## V.   DISCUSSION

Plaintiff raises several arguments in favor of reversal or remand, the most compelling of which is that the ALJ failed to consider certain evidence in reaching his determination. See Doc. #27-1 at 12-13. Specifically, plaintiff contends that the ALJ erred by failing to consider four documents: two State of Connecticut DSS disability determinations (Tr. 948-52); and two treating source opinions authored by APRN Irene M. Wawrzyniak and co-signed by Dr. Evan Fox (Tr. 963-71, 984-91).

Defendant generally contends that plaintiff's "argument is premised on an inadvertent error omitting the disability determination and Dr. Fox's opinion from the administrative record by Defendant. On November 23, 2016, a supplemental record was prepared by Defendant, which included the records Plaintiff alleges the ALJ did not consider because they were missing." Doc. #29 at 8. Defendant ignores the other aspect of plaintiff's argument, which emphasizes that the ALJ's decision omits any reference to these documents. See Doc. #27-1 at 12. Plaintiff is

correct. The ALJ's decision, and the listed exhibits annexed thereto, make no reference to the documents reflected at Tr. 947-1001. See generally Tr. 13-26 (ALJ's decision); see also Tr. 27-31 (List of Exhibits). Further, the records reflected at Tr. 947-1001 are not labeled with exhibit numbers, which supports an inference that those records were not considered by the ALJ in making his decision.[4] Although defendant correctly notes that the ALJ is not required to cite every piece of evidence before him, see Doc. #29 at 8-9 (citing cases), this evidence is significant. As will be discussed below, the ALJ should have considered and weighed the four documents cited by plaintiff.

### A.   *State of Connecticut DSS Determinations*

The record contains two State of Connecticut DSS determinations finding plaintiff disabled, which the ALJ's decision does not discuss. See Tr. 948-52. Although such determinations are not binding on the Commissioner, see 20 C.F.R. §§404.1504, 416.904,[5] their absence from any discussion in

---

[4] There is no dispute that the records reflected at Tr. 947-1001 were admitted into evidence and are a part of the record.

[5] Notably, 20 C.F.R. §§404.1504 and 416.904 were amended effective March 27, 2017, to state:

> [I]n claims filed ... on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any

the ALJ's decision is significant. The Social Security

Administration is "required to evaluate all the evidence in the

case record that may have a bearing on [its] determination or

decision of disability, including decisions by other

governmental and nongovernmental agencies[.]" Social Security

Ruling ("SSR") 06-03p, 2006 WL 2263437 (S.S.A. Aug. 9, 2006);

see also 20 C.F.R. §§404.1512(b)(1)(v), 416.912(b)(1)(v)

("Evidence is anything you or anyone else submits to us or that

we obtain that relates to your claim. (1) Evidence includes, but

is not limited to: ... (v) Decisions by any governmental or

nongovernmental agency about whether or not you are

disabled[.]"). Accordingly, "evidence of a disability decision

by another governmental or nongovernmental agency cannot be

ignored and must be considered." SSR 06-03p, 2006 WL 2263437

(emphasis added). The Second Circuit has similarly concluded

that "a determination made by another governmental agency that a

---

benefits. However, we will consider all of the
supporting evidence underlying the other governmental
agency or nongovernmental entity's decision that we
receive as evidence in your claim in accordance with
§404.1513(a)(1) through (4) [and §416.913(a)(1) through
(4)].

20 C.F.R. §§404.1504, 416.904. This suggests that with respect
to actions filed before March 27, 2017, such as that filed by
plaintiff, an ALJ was required to undertake an analysis of
decisions authored by other governmental agencies.

social security claimant is disabled is entitled to 'some weight and should be considered[.]'" <u>Lohnas v. Astrue</u>, 510 F. App'x 13, 14–15 (2d Cir. 2013) (quoting <u>Cutler v. Weinberger</u>, 516 F.2d 1282, 1286 (2d Cir. 1975)); <u>see also</u> <u>Claymore v. Astrue</u>, 519 F. App'x 36, 38 (2d Cir. 2013) ("A determination made by another agency regarding a claimant's disability is not binding on the Social Security Administration, 20 C.F.R. §404.1504, however, 'it is entitled to some weight and should be considered.'" (quoting <u>Hankerson v. Harris</u>, 636 F.2d 893, 897 (2d Cir. 1980))).

Here, although the ALJ considered a DSS determination dated June 30, 2013, his decision makes no mention of the other two DSS determinations in the record. The ALJ's decision also provides no indication that these other determinations were considered. Although defendant suggests that the ALJ's discussion of the earlier June 30, 2013, decision suffices, <u>see</u> Doc. #29 at 8, <u>each</u> of the three DSS determinations is important because each "may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules." SSR 06-03p, 2006 WL 2263437. This is particularly true where, as here, each of the determinations contains substantively different information and each is based on separate opinions of

plaintiff's treating sources. Compare Tr. 703, with Tr. 948-49,
and Tr. 952. The absence of any discussion of the two DSS
determinations frustrates meaningful review, as the Court is
unable to glean the rationale of the ALJ's decision with respect
to the weight he afforded to these other DSS determinations. Cf.
Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When,
as here, the evidence of record permits us to glean the
rationale of an ALJ's decision, we do not require that he have
mentioned every item of testimony presented to him or have
explained why he considered particular evidence unpersuasive or
insufficient to lead him to a conclusion of disability."
(citation omitted)). Accordingly, the Court finds remand
necessary so that the ALJ may consider and weigh these other DSS
determinations. See, e.g., Christiansen v. Colvin, No.
15CV2932(JS), 2016 WL 4384722, at *10 (E.D.N.Y. Aug. 15, 2016)
(matter remanded where ALJ's decision "fails to even reference
[] the Medical Board's decision and provides no indication that
the Medical Board's decision was considered").

   **B.   *Treating Source Opinions***

   The ALJ's decision also fails to mention two opinions by
plaintiff's treating sources, upon which the two DSS
determinations rely. The opinions, each authored by plaintiff's
treating mental health counselor, APRN Wawrzyniak, and co-signed

by Dr. Evan Fox, are dated September 24, 2013, and August 8, 2014. See Tr. 984-91, 964-71. The ALJ's decision again provides no indication that these opinions were considered. Defendant appears to contend that because the ALJ discussed APRN Wawrzyniak's earlier opinions, which are substantively similar to the August 8, 2014, opinion, that there is no error. See Doc. #29 at 8. This argument, however, ignores the directive in SSR 06-03p that the Social Security Administration

> will evaluate the opinion evidence from medical sources, as well as "non-medical sources" who have had contact with the individual in their professional capacity, used by other agencies, that are in our case record, in accordance with 20 CFR 404.1527, 416.927, Social Security Rulings 96-2p and 96-5p, and the applicable factors listed above in the section "Factors for Weighing Opinion Evidence."

SSR 06-03p, 2006 WL 2263437. The relevant Regulations require an ALJ to weigh and evaluate "every medical opinion." 20 C.F.R. §§404.15927(c), 416.927(c). The ALJ did not do that here.

Some courts have found that an APRN standing alone may not issue a "medical opinion." See Wider v. Colvin, 245 F. Supp. 3d 381, 389 (E.D.N.Y. 2017) ("[S]ince nurse practitioners are not listed as 'acceptable medical sources,' they cannot be 'treating sources,' and cannot even give 'medical opinions.' ALJs only have to evaluate and weigh 'medical opinions.'" (collecting cases)). Here, however, the opinions at issue are co-signed by

Dr. Fox, a fact which is entirely ignored by the ALJ.[6] See Tr. 24. "[I]gnoring the co-signature of a physician is significant because the opinion of even a nonexamining physician is entitled to consideration in accordance with the guidelines for evaluating all medical opinions, whereas the opinion of a nurse, standing alone, is merely entitled to consideration as an other source." Godin v. Astrue, No. 3:11CV881(SRU), 2013 WL 1246791, at *3 (D. Conn. Mar. 27, 2013) (citations and internal quotation marks omitted). Here, "there is no apparent indication that the opinion was not independently considered and endorsed by the co-signing physician and, as a result, the ALJ should have explained whether or not he considered these opinions to be the opinions of an appropriate medical source, and if not, then why." Id.

Next, by contending that there is no error because the ALJ discussed APRN Wawrzyniak's earlier opinions, defendant suggests that the ALJ's rationale for discounting the earlier opinions may equally be applied to the August 8, 2014, opinion. This reasoning is flawed. The ALJ discounts APRN Wawrzyniak's June 28, 2012, September 18, 2013, and November 8, 2013, opinions because they are, inter alia, "not consistent with the treatment

---

[6] Indeed, the other three opinions of record authored by APRN Wawrzyniak are also co-signed by Dr. Fox. See Tr. 422, 431, 727. The ALJ fails to address this in his decision. See Tr. 24.

notes[.]" Tr. 24. The treatment notes of record date only from
September 2012 to October 2013. See Tr. 546-56, 569-70. The
August 8, 2014, opinion, however, states that plaintiff was last
seen by APRN Wawrzyniak on July 15, 2014, which indicates there
are approximately nine months of mental health records missing
from the record. See Tr. 965. These records may lend support to
the conclusions contained in the August 8, 2014, opinion.
Accordingly, remand is appropriate for the ALJ to consider the
additional opinions of APRN Wawrzyniak and Dr. Fox, and if
necessary, to obtain plaintiff's mental health treatment records
from this time period.

### C. *Spanish Interpreter*

Finally, although the Court does not opine on this issue,
it recommends that the ALJ secure a Spanish interpreter in the
event another administrative hearing is held. The record is
unclear as to whether plaintiff requires the use of a Spanish
interpreter. Compare Tr. 446, 888 (noting primary language is
Spanish and plaintiff requires interpreter), and Tr. 954
(plaintiff speaks English "a little"), with Tr. 290 ("Can you
speak and understand English? Yes"). Plaintiff's reported
activities of daily living also differ on a form completed in
English versus a form that was completed in Spanish. Compare,
e.g., Tr. 710, with Tr. 1000. Moreover, the administrative

hearing transcript reflects several lines of questioning during which plaintiff and/or the ALJ appeared confused. This suggests that both plaintiff and the ALJ would have benefitted from the use of a Spanish interpreter. See, e.g., Tr. 41-42, 52.

In light of the above findings, the Court need not reach the merits of plaintiff's remaining arguments. Therefore, this matter is remanded to the Commissioner for further administrative proceedings consistent with this Ruling. On remand the Commissioner shall address the other claims of error not discussed herein.

## VI.  CONCLUSION

Accordingly, for the reasons set forth herein, plaintiff's Second Motion to Reverse the Decision of the Commissioner [**Doc. #27**] is **GRANTED,** to the extent it seeks a remand for further administrative proceedings. Defendant's Motion for Order Affirming the Decision of the Commissioner [**Doc. #29**] is **DENIED.**

**The Court offers no opinion on whether the ALJ should or will find plaintiff disabled on remand. Rather the Court finds remand is appropriate to permit the ALJ to consider the DSS determinations and additional opinion evidence of record.**

This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge on January 2,

2018 [Doc. #35], with any appeal to be made directly to the Court of Appeals. <u>See</u> Fed. R. Civ. P. 73(b)-(c).

SO ORDERED at New Haven, Connecticut, this 20th day of February, 2018.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE